1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 DARWIN ANTONIO AREVALO | Case No. 5:25-cv-01207-JWH-PDx |

11  DARWIN ANTONIO AREVALO
      MILLAN, on his own and on behalf
12    of others similarly situated,

13              Petitioner-Plaintiff,

14        v.

15  DONALD J. TRUMP, in his official
      capacity as President of the United
16    States;
     PAMELA BONDI, Attorney General of
17    the United States, in her official
      capacity;
18  KRISTI NOEM, Secretary of the U.S.
      Department of Homeland Security,
19    in her official capacity;
     U.S. DEPARTMENT OF
20    HOMELAND SECURITY;
     PETE HEGSETH, Secretary of the
21    U.S. Department of Defense, in his
      official capacity;
22  U.S. DEPARTMENT OF DEFENSE;
     MARCO RUBIO, Secretary of State, in
23    his official capacity;
     U.S. DEPARTMENT OF STATE;
24  TODD LYONS, Acting Director of
      U.S. Immigration and Customs
25    Enforcement, in his official capacity;
     U.S. IMMIGRATION AND
26    CUSTOMS ENFORCEMENT;
     DAVID MARIN, in his official capacity
27    as Director of the Los Angeles Field
      Office Director for U.S. Immigration
28    and Customs Enforcement;

Case No. 5:25-cv-01207-JWH-PDx

**ORDER DENYING PETITONER'S
*EX PARTE* APPLICATIONS FOR
RECONSIDERATION [ECF Nos. 41
& 43] AND TO CERTIFY CLASS
[ECF No. 44]**

1    FERETI SEMAIA, in his official
         capacity as Warden of the GEO
2        Group Adelanto ICE Processing
         Center and Desert View Annex; and
3    DOES 1-10,

4             Respondents-Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Before the Court are two matters:  (1) the *ex parte* application of
Petitioner-Plaintiff Darwin Antonio Arevalo Millan ("Arevalo") for
reconsideration of the Court's Order denying Arevalo's earlier *ex parte*
application for the issuance of a writ of habeas corpus and writ of mandamus;[1]
and (2) Arevalo's *ex parte* application for class certification.[2]  The Court
concludes that these matters are appropriate for resolution without a hearing.
*See* Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons explained below, Arevalo's
instant Applications are **DENIED**.

## I.  BACKGROUND

The parties are familiar with the history of this case.  As relevant here,
Arevalo is a Venezuelan citizen currently detained at the Desert View Annex or
Desert View Modified Community Correctional Facility, which is associated
with the Adelanto Immigration and Customs Enforcement ("ICE") Processing
Center.[3]  Arevalo applied for asylum in the United States, and he was previously
granted parole, which allowed him to work and reside in the United States
pending the resolution of removal proceedings and his asylum application.[4]
During a scheduled ICE check-in, however, Arevalo was arrested and placed in
detention.[5]  The Government did not provide Arevalo with prior notice of his

---

[1]    *See* Pet.-Pl.'s *Ex Parte* Appl. for Reconsideration re Order on Mot. for
Issuance [ECF No. 41]; Pet.-Pl.'s Am. *Ex Parte* Appl. for Reconsideration (the
"Application for Reconsideration") [ECF No. 43]; *see also* Order Den. Pet.-Pl.'s
Emergency *Ex Parte* Appl. for a Writ of Habeas Corpus (the "Order") [ECF
No. 40].

[2]    *See* Pet.-Pl.'s *Ex Parte* Appl. to Certify Class (the "Class Certification
Application") [ECF No. 44].

[3]    *See generally* Pet. for Writ of Habeas Corpus and Class Action Compl. for
Decl. and Inj. Relief (the "Petition") [ECF No. 1].

[4]    *Id.* at ¶ 3.

[5]    *Id.* at ¶ 5.

arrest nor serve him with a warrant or other documentation regarding the basis for his arrest.[6]

Arevalo suspected that he may have been detained pursuant to the President's Proclamation No. 10903 (the "Proclamation"), which authorized the immediate detention and removal of certain Venezuelan citizens.[7]  Thus, on Saturday, May 17, 2025, Arevalo filed a petition on behalf of himself and a putative class of Venezuelan citizens,[8] though which Arevalo sought injunctive relief preventing the Government from removing Arevalo or other Venezuelan nationals pursuant to the Alien Enemies Act, 50 U.S.C. §§ 21 *et seq.*, without prior adequate notice and process.[9]  On the same day that Arevalo filed his Petition, he also filed *ex parte* applications for a temporary restraining order and for class certification.[10]

The Court granted in part both of those Applications on Monday, May 19, 2025, by issuing a temporary restraining order.[11]  In the TRO, the Court also directed the Government to respond to the Applications, and it set a hearing on Arevalo's request for a preliminary injunction for Friday, May 30, 2025.[12]  In its Opposition and during the hearing, the Government argued that Arevalo was not entitled to injunctive relief because he was being detained pursuant to the Immigration and Nationality Act (the "INA"), not the Proclamation, and

---

[6]     *Id.* at ¶ 6.

[7]     *See generally id.*

[8]     *See id.*

[9]     *See generally id.*

[10]     *See* Pet.-Pl.'s Emergency Appl. for a Temporary Restraining Order (the "TRO Application") [ECF No. 2]; Pet.-Pl.'s Mot. for Class Certification (the "Initial Class Certification Application") [ECF No. 3].

[11]     *See* Order re the TRO Application (the "TRO") [ECF No. 6].

[12]     *See id.*

because Arevalo was scheduled to appear at an asylum and removal hearing a few days later—on June 9, 2025.[13]

On June 2, 2025, the Court certified the proposed class of Venezuelan nationals and enjoined the Government, on a preliminary basis, from removing Arevalo or any member of the putative class pursuant to the Proclamation and from transferring Arevalo or any member of the putative class out of this judicial district.[14]  In its Preliminary Injunction Order, the Court also expressed its concern that Arevalo may not be detained solely pursuant to the INA, in part because the Government represented to the Court that immigration detainees are generally released from ICE custody if they are granted asylum, but the Government was unsure whether Arevalo would be released from ICE custody if he received asylum at the then-upcoming June 9, 2025, hearing.[15]

It appears that Arevalo was granted asylum during his June 9, 2025, hearing.[16]  Five days later, Arevalo filed an emergency *ex parte* application, in which he informed the Court that he remained in ICE custody.[17]  Arevalo sought an order requiring the Government to release him immediately, based upon Arevalo's status as an asylee.[18]  In response, the Government informed the Court that it intended to appeal the immigration judge's decision in Arevalo's case and that, accordingly, Arevalo remained detained pursuant to 8 U.S.C.

---

[13]    *See generally* Resps.-Defs.' Opp'n to the Initial Class Certification Application [ECF No. 11].

[14]    *See* Am. Order re the TRO Application and the Initial Class Certification Application (the "Preliminary Injunction Order") [ECF No. 29].

[15]    *See id.* at 10.

[16]    *See* Pet.-Pl.'s Emergency *Ex. Parte* Appl. for a Writ of Habeas Corpus (the "Writ Application"), Ex. A [ECF No. 30-4].

[17]    *See* Writ Application.

[18]    *See id.*

§ 1225(b)(2)(A) pending the resolution of that appeal.[19]  The Court thus denied Arevalo's emergency *ex parte* application and ordered the Government to provide a status report no later than July 10, 2025, and every 30 days thereafter, that advises the Court regarding the status of Arevalo's removal and asylum proceedings.[20]

Arevalo filed the instant Applications shortly thereafter,[21] and the Government opposes them.[22]

## II.  LEGAL STANDARD

### A.  *Ex Parte* Applications

"The opportunities for legitimate *ex parte* applications are extremely limited."  *Lum v. Mercedes-Benz USA, LLC*, 2012 WL 13012454, at *1 (C.D. Cal. Jan. 5, 2012).  To justify *ex parte* relief, the moving party must make two showings:  (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### B.  Motions for Reconsideration

A district court may reconsider a ruling under Rule 54(b) of the Federal Rules of Civil Procedure (interlocutory orders), Rule 59(e) (motion to alter or

---

[19]    *See generally* Order.

[20]    *See id.* at 8:10-16.

[21]    *See generally* Application for Reconsideration; Class Certification Application.

[22]    *See* Defs.' Opp'n to the Application for Reconsideration [ECF Nos. 42 & 45]; Defs.' Opp'n to the Class Certification Application [ECF No. 46]; *see also* Pet.-Pl.'s Reply in Supp. of the Class Certification Application [ECF No. 47].

amend a judgment), or Rule 60(b) (relief from judgment).  *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993); *Balla v. Idaho State Bd. of Corrections*, 869 F.3d 461, 465 (9th Cir. 1989). Under Rule 59(e), reconsideration may be appropriate when the movant demonstrates the existence of:  (1) an intervening change in the controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice.  *See School Dist. No. 1J*, 5 F.3d at 1263. Meanwhile, Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) satisfaction of judgment; or (6) any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at 1263.  Rule 60(b)(6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its prior decision are not adequate grounds for relief.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In addition, this Court's Local Rules define the situations in which a party may seek the reconsideration of an order:

A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

-7-

L.R. 7-18.  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III.  ANALYSIS

### A.    Application for Reconsideration

Arevalo argues that the Court should reconsider its prior Order for three reasons.  First, Arevalo insists that the Order is "a functional suspension of the writ [of habeas corpus] through a *Jennings v. Rodriguez*-inspired addition to the 'swarm of *ad hoc* rules the Court only divines when it wants a case to be dismissed.'"[23]  Second, Arevalo contends that the Court improperly concluded that 8 U.S.C. § 1225(b)(2)(A) permits the Government to detain Arevalo because that statute authorizes detention only until removal proceedings have concluded, and, according to Arevalo, his removal proceedings have already concluded.[24]  Finally, Arevalo avers that a variety of new facts and circumstances have come to light since the Court issued its Order.  None of those arguments warrants the reconsideration of the Court's Order.

#### 1.    Alleged Suspension of the Writ of Habeas Corpus

First, the Court already considered Arevalo's arguments regarding the functional suspension of the writ of habeas corpus.[25]  As the Court explained in its prior Order, detentions authorized under 8 U.S.C. § 1225(b)(2)(A) are necessarily limited—they last only until "removal proceedings have concluded."  *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).  Thus, despite

---

[23]    Application for Reconsideration 6:7-10 (quoting Joshua J. Schroeder, *The Body Snatchers:  How the Writ of Habeas Corpus Was Taken from the People of the United States*, 35 QUINNIPIAC L. REV. 1, 23 (2016)).

[24]    *Id.* at 8:18-20.

[25]    *See* Order 7:19-8:7.

Arevalo's assertions to the contrary, the Court did not "refuse[] to issue a writ of habeas corpus indefinitely."[26]  Instead, the Court specifically ordered the Government to provide a Status Report on July 10, 2025—the day after the deadline by which the Government must file its appeal of the immigration judge's asylum decision—so that the Court could reevaluate at that time whether Arevalo's proceedings remain ongoing.[27]

### 2.  Alleged Conclusion of Removal Proceedings

Second, Arevalo asserts that the Court incorrectly determined that 8 U.S.C. § 1225(b)(2)(A) authorizes Arevalo's continued detention because that statute applies only while a "proceeding under [8 U.S.C.] § 1229a" remains pending.  Specifically, Arevalo contends that, even though the immigration judge's decision to grant Arevalo asylum is nonfinal, "finality is irrelevant" because 8 U.S.C. § 1229a proceedings are "complete" once an immigration judge issues a decision.[28]  Put differently, Arevalo maintains that an administrative appeal is not part of a "proceeding under [8 U.S.C.] § 1229a" because that proceeding "conclude[s]" when an immigration judge issues a decision—even if the asylum proceeding remains pending.  *Jennings*, 583 U.S. at 299.

The Court disagrees.  Arevalo relies upon Clauses (iii) and (iv) of 8 U.S.C. §§ 1158(d)(5)(A), which provide that "final administrative adjudication of the asylum application, not including administrative appeal, shall be *completed* within 180 days after the date an application is file" and that "any administrative appeal shall be filed . . . within 30 days after the *completion* of removal proceedings before an immigration judge . . ." (emphasis added).  But

---

[26]   Application for Reconsideration 20:26-27.

[27]   *See* Order 8:13-16.

[28]   *See* Application for Reconsideration 8:5-6 & 8:18-20.

neither of those clauses uses "complet[e]" to refer to the entire 8 U.S.C. § 1229a removal proceeding.  Rather, Clause (iii) refers to the deadline for the agency to "complet[e]" the "final administration adjudication, not including administrative appeal," and Clause (iv) refers to the "completion of removal proceedings ***before an immigration judge***" (emphasis added).  Thus, neither of those clauses requires the Court to conclude that, once the initial portion of a removal proceeding is complete, the removal proceeding is also complete for the purpose of 8 U.S.C. § 1225(b)(2)(A).  *See Jennings*, 583 U.S. at 299.

### 3.    Alleged New Facts and Circumstances

Finally, Arevalo asserts that there are several new facts and circumstances that are relevant here, including (1) the Ninth Circuit's decision in *Newsom v. Trump*, 2025 WL 1712930 (9th Cir. June 19, 2025); (2) President Trump's actions involving Iran; (3) the conveyance of a settlement offer to Arevalo; (4) the Supreme Court's decision in *Department of Homeland Security v. D.V.D.*, 145 S. Ct. 2153 (2025); and (5) the Supreme Court's decision in *Trump v. CASA*, 145 S. Ct. 2540 (2025).  Arevalo's argument regarding those facts and circumstances is unclear, but as best the Court understands it, Arevalo appears to assert that there are many due process concerns in play in the United States at this time and that, in refusing to order the Government to release Arevalo, the Court has "wielded" its "sheer equitable powers . . . with such inequity that it attempts to hide its shame in law," which is also a due process violation.[29] Because the Court disagrees that its prior Order constitutes a due process violation, and because Arevalo fails to explain how any of the identified circumstances specifically relates to Arevalo's continued detention, those circumstances do not warrant the reconsideration of the Court's prior Order.

Accordingly, Arevalo's Application for Reconsideration is **DENIED**.

---

[29]    *Id.* at 15:3-6.

**B.** **Class Certification Application**

Because the Court concludes that Arevalo is not entitled to relief on an individual basis, Arevalo's instant Class Certification Application is **DENIED as moot**.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Arevalo's instant Application for Reconsideration [ECF Nos. 41 & 43] are **DENIED**.

2. Arevalo's instant Class Certification Application [ECF No. 44] is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated:    September 2, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE